UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA TAYLOR,<br>    Plaintiff,<br>v.<br>LILY BRINCKHAUS,<br>    Defendant. | Case No. 18-cv-00804-JCS<br><br>**ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 9 |

## I. INTRODUCTION

Defendant Lily Brinckhaus removed this state law dental malpractice action from the Mendocino County Superior Court, asserting supplemental jurisdiction under 28 U.S.C. § 1367 based on the relationship between this case and another case brought by the same plaintiff currently pending in this Court before the Honorable Kandis Westmore. Plaintiff Isabella Taylor moves to remand, and the Court held a hearing on April 20, 2018. For the reasons discussed below, Taylor's motion is GRANTED, and the case is hereby REMANDED to the Mendocino County Superior Court.[1]

## II. BACKGROUND

Plaintiff Isabella Taylor first raised the claims at issue in this case, which relate to dental malpractice, in a complaint against the Mendocino Community Health Clinic and several dentists filed on May 12, 2016. Notice of Removal ¶ 1, *Taylor v. Mendocino Cmty. Health Clinic* (*Taylor I*), No. 17-cv-01995 (N.D. Cal. Apr. 10, 2017, dkt. 1). The clinic and two of the three defendant dentists removed to this Court on April 10, 2017, where the case was assigned number 17-cv-01995 and assigned to the Honorable Nandor Vadas. *See id.* The United States moved to

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

substitute itself for the removing defendants on the basis that, as a result of receiving federal funding, they were considered employees of the federal Public Health Service under the Federally Supported Health Centers Assistance Act of 1992, and thus the exclusive remedy for injuries caused while performing medical functions within the scope of their work was an action against the United States under the Federal Tort Claims Act. Mot. to Substitute & Dismiss, *Taylor I* (Apr. 14, 2017, dkt. 6). The United States also moved to dismiss the resulting claims against it on the basis that Taylor had not exhausted administrative remedies. *Id.* Taylor did not oppose the United States' motion, and Judge Vadas granted the motion, substituted the United States for the removing defendants, dismissed the claims against the United States for lack of jurisdiction, and remanded the claims against the remaining defendant, Lily Brinckhaus, to state court on May 16, 2017. Order Granting Mot. to Dismiss, *Taylor I* (May 3, 2017, dkt. 15); Order of Remand, *Taylor I*, (May 16, 2017, dkt. 18).

After the case against Brinckhaus was remanded, Taylor pursued an administrative claim against the United States through the Department of Health and Human Services. Compl. ¶ 13, *Taylor v. United States* (*Taylor II*), No. 17-cv-06428 (N.D. Cal. Nov. 3, 2017, dkt. 1). Her claim was not accepted, and rather than seek to add the United States back to her case still pending in state court, Taylor filed a new complaint against the United States in this Court on November 3, 2017, which was ultimately assigned to the Judge Westmore. *See id.*

After the filing of *Taylor II*, Brinckhaus filed the present notice of removal, seeking to remove *Taylor I* once again from state court on the basis that the claims against her in *Taylor I* are related to the claim against the United States in *Taylor II*—essentially the same claim that Judge Vadas dismissed from *Taylor I* on the previous removal—and that the Court therefore has supplemental jurisdiction under 28 U.S.C. § 1367. *See generally* Notice of Removal (dkt. 1).

Taylor filed a motion to remand once again to state court on the basis that "'supplemental jurisdiction [under 28 U.S.C. § 1367] does not provide an independent basis for removal.'" Mot. to Remand at 4 (quoting *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 924–25 (N.D. Cal. 2003)) (alteration in original). Brinckhaus opposes remand because "the two cases here . . . both began as the same action and were initially removed

2

United States District Court
Northern District of California

together," and thus "should be considered part of the same action" for the purpose of supplemental jurisdiction, a proposition for which Brinckhaus cites no authority. Opp'n (dkt. 12) at 2. Brinckhaus also argues that "the All Writs Act would allow the court to issue an order to re-join [the two] actions," which is necessary to avoid conflicting results in the state court case against Brinckhaus and the federal case against the United States. *Id.* at 2–4. In her reply, Taylor reiterates that § 1367 does not provide jurisdiction to remove a case based on its relation to claims filed in a separate action, and argues that the All Writs Act does not confer jurisdiction and that the cases cited by Brinckhaus are inapposite. *See generally* Reply (dkt. 15).

Brinckhaus filed a motion to relate the case to *Taylor II*, which Judge Westmore denied based on her conclusion that this case should be remanded and that relation would therefore not avoid "unduly burdensome duplication of labor and expense or conflicting results" as required by Civil Local Rule 3-12(a). *See* Order Denying Mot. to Relate (dkt. 14).

## III. ANALYSIS

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A district court may remand a case to state court sua sponte if it determines that jurisdiction is lacking. 28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

The only stated basis for subject matter jurisdiction in Brinckhaus's notice of removal is supplemental jurisdiction under 28 U.S.C. § 1367. Notice of Removal ¶ 14. That statute expressly limits the scope of supplemental jurisdiction to claims within a "civil action of which the

3

district courts have original jurisdiction." 28 U.S.C. § 1367(a). As far as the Court is aware, every court to consider the issue has held that § 1367 does not provide jurisdiction for removal based on claims related to a separate action. *E.g.*, *MFC Twin Builders, LLC v. Fajardo*, No. 1:12-CV-00219-AWI-SK, 2012 WL 3862399, at *4 (E.D. Cal. Sept. 5, 2012), *report and recommendation adopted*, 2012 WL 4468751 (Sept. 27, 2012); *U.S. Bank Nat'l Ass'n v. Lasoff*, No. CV 10-00235 MMM (RCx), 2010 WL 669239, at *3 (C.D. Cal. Feb. 23, 2010); *Sonoma Falls Developers*, 272 F. Supp. 2d at 924–25; *Chase v. Auerbach*, No. CIV. A. 94-5892, 1994 WL 590588, at *2 (E.D. Pa. Oct. 26, 1994). Brinckhaus's only argument to the contrary is that "the two cases here . . . both began as the same action." Opp'n at 2. That is not strictly true. Although *Taylor II* contains essentially the same claim as that which Judge Vadas dismissed from *Taylor I*, it is not the same action—that claim was dismissed, and Taylor filed a new action after pursuing administrative remedies. The similarities between the cases do not establish any basis for circumventing the statutory language of § 1367 limiting supplemental jurisdiction to claims "in any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a).

Brinkhaus's argument that the cases should be consolidated under the All Writs Act is also unavailing. That statute is not an independent basis for jurisdiction. One of the cases on which Brinckhaus relies, *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), concerned the D.C. Circuit's authority to issue writs of mandamus in an agency proceeding that was not yet ripe for direct review but would fall within that court's exclusive appellate jurisdiction when the agency issued a final order. *Telecomms Research*, 750 F.2d at 76. This Court's relationship to the presently removed action is not comparable to the circuit court's relationship to the agency proceeding, because the present action would not in any ordinary course come within this court's jurisdiction. The Court's role here more closely resembles that of the *district* court in *Telecommunications Research*, which the D.C. Circuit held lacked any jurisdiction over the agency proceeding in part "[b]ecause the District Court has no present or future jurisdiction over agency actions assigned by statute to appellate court review." *Id.* at 77. And while some circuit courts held that the All Writs Act could provide a basis for removal under exceptional circumstances—*e.g.*, *Texas v. Real Parties In Interest*, 259 F.3d 387, 392–93 (5th Cir.

4

2001); *NAACP v. Metro. Council*, 144 F.3d 1168 (8th Cir. 1998)—the Supreme Court, in a case cited by neither party here, has rejected that interpretation and abrogated such decisions. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Section 1441 requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court. The All Writs Act, alone or in combination with the existence of ancillary jurisdiction in a federal court, is not a substitute for that requirement.").

At the hearing, Brinckhaus's counsel argued that § 1367(c), which addresses a federal court's discretion to decline to exercise supplemental jurisdiction over state law claims after dismissing all federal claims from a case, could provide grounds for jurisdiction here. That provision does not authorize removal of a case on the basis that it once included a federal claim. The statutory language of part (c) discusses only the ability to decline jurisdiction—which Judge Vadas in fact did when previously remanding the case—with no indication that a district court may change its mind and reassert such jurisdiction on a subsequent removal many months later. To the extent that Brinckhaus seeks to rely on the All Writs Act to bridge that gap, the Supreme Court's *Syngenta* decision forecloses such an outcome.

## IV. CONCLUSION

For the reasons discussed above, neither § 1367 nor the All Writs Act provides a basis for removal jurisdiction. The motion to remand is GRANTED.

**IT IS SO ORDERED.**

Dated: April 20, 2018

JOSEPH C. SPERO
Chief Magistrate Judge

5